[No. 5338–1.   Division One.   April 17, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. GLORIA
BAROUGH ISRAEL, *Appellant.*

*Richard Hansen* and *Shelley Stark* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Elsa R. Durham, Deputy,* for respondent.

RINGOLD, J.—The defendant appeals from a conviction on two counts of malicious mischief in the second degree after jury trial. Prior to empaneling a jury, the trial court conducted a hearing pursuant to CrR 3.5 to determine the voluntariness of defendant's statements to the police. The defendant did not testify and the court ruled that her statements to the officers contained no confession or admission and would be admissible. As a result of the personal observation of the defendant, during the course of the

hearing, the prosecution then stated, "I would like to raise an issue of competency here of the defendant, pursuant to RCW 10.77.060(1) and have that resolved at this time." The court then stated, "I am somewhat concerned myself, too. I am glad you made that motion. Yes, I think we should do that."

## ISSUE

RCW 10.77.060(1) provides "Whenever . . . there is reason to doubt his [defendant's] competency, the court on its own motion or on the motion of any party shall either appoint or request the secretary [of Department of Social and Health Services (DSHS)] to designate at least two qualified experts or professional persons . . . to examine and report upon the mental condition of the defendant." Due process requires the court to conduct an evidentiary hearing concerning the defendant's competency to stand trial. May the requirement for the appointment of "two qualified experts" be waived by defendant's counsel and comply with due process?

We answer yes, and affirm.

## FACTS

No referral to DSHS was made for an examination at the state hospital, nor was any psychiatric evaluation made. The examination proceeded by questions propounded by the court and by the prosecuting attorney to the defendant. Defense counsel asked no questions and at the conclusion of the hearing stated:

> Your Honor, on behalf of Mrs. Israel, I would state that she was examined by the state and she said that she understood, she understands this is a criminal proceeding and she understands that criminal proceedings have penalties. She does not understand the exact penalty, five years, ten years, things like that.
>
> So with that, I would ask the Court to find that Mrs. Israel is really saying that she is not guilty, that she has the right to be tried by a jury, and that she is competent, that she understands what is going on, and since she has been out of jail she has had good communications with

me, her attorney. With that comment, I would ask the Court to find her competent, and to go ahead with the proceedings.

At the conclusion of the hearing, based upon defendant counsel's statement, the court proceeded with the trial. Informal as the hearing may have been, findings of fact and conclusions of law determining defendant competent to stand trial were prepared, served upon defendant's counsel and signed by the trial judge.

■ The standard for competency to stand trial is "whether he [a criminal defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 4 L. Ed. 2d 824, 825, 80 S. Ct. 788 (1960); *State v. Tate,* 1 Wn. App. 1, 458 P.2d 904 (1969). "Incompetency" under the Washington statute "[M]eans a person lacks the capacity to understand the nature of the proceedings against him or to assist in his own defense as a result of mental disease or defect." RCW 10.77.010(6). The statute, adopted in 1973, as amended in 1974, codified the common–law language set forth in *State v. Gwaltney,* 77 Wn.2d 906, 907, 468 P.2d 433 (1970), "[A] person accused of a crime is held to be legally competent to stand trial if he is capable of properly understanding the nature of the proceedings against him and if he is capable of rationally assisting his legal counsel in the defense of his cause."

In *Pate v. Robinson,* 383 U.S. 375, 377, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966) it was established that competency to stand trial involved a fundamental due process right and that "Robinson was constitutionally entitled to a hearing on the issue of his competency to stand trial."

Israel argues that the statute was adopted by the State of Washington to implement the constitutional right. It makes mandatory the appointment of at least two qualified experts or professional persons to examine the defendant and report at a full evidentiary competency hearing.

A similar federal statute, 18 U.S.C. § 4244, states that the court shall cause the accused to be examined as to his mental condition by at least one qualified psychiatrist. In *United States v. Cook,* 418 F.2d 321 (9th Cir. 1969) the court held that an initial psychiatric evaluation pursuant to 18 U.S.C. § 4244 is mandatory.

There is no question as to the meaning of the statutes. Both the Washington statute and the federal statute speak in mandatory language. That does not, however, resolve the question whether the procedure mandated by the statutes is a constitutional right which cannot be waived.

*Tillery v. Eyman,* 492 F.2d 1056 (9th Cir. 1974) is relied upon by Israel. In *Tillery* the defendant was convicted of assault and armed robbery in the state of Arizona. On the fourth day of trial the court ordered a psychiatric evaluation. Two days later a psychiatric examination report was filed with the court. Based on that report, the court concluded that the defendant was competent to stand trial and proceeded with the matter. Later the court wanted another report. The record is silent on whether or not the second psychiatric report was provided.

On appeal the court held:

> Although defense counsel did not object to the procedure followed at trial, the state cannot rationally contend that Tillery waived his right to an evidentiary hearing. . . .
> Since Tillery was not afforded the required evidentiary hearing at his trial more than six years ago, the writ of habeas corpus must issue.

*Tillery v. Eyman, supra* at 1059.

██ Here the trial court conducted an evidentiary hearing. The defendant had notice of the nature of the hearing, had the right to testify, had the right to call witnesses in her own defense and to examine or cross-examine any witnesses who may have been produced even if only the defendant testified. The court made findings of fact and conclusions of law. This constituted an evidentiary hearing

sufficient to satisfy the constitutional requirements of due process.

The issue of waiver has been decided adversely to the defendant by this court. In *State v. Brooks,* 16 Wn. App. 535, 557 P.2d 362 (1976) the defendant refused to appear in court during trial. Defendant's counsel requested a psychiatric examination of the defendant. Testimony of two psychiatrists was presented. One said the defendant was competent, and the other that he was not competent to stand trial. The court found the defendant competent to stand trial. The defendant was convicted of murder in the first degree. Defense counsel did not request the trial court to appoint two experts, as the statutory procedure provides, but rather presented two psychiatrists of his own selection. This court held:

> The defendant elected the procedure that he followed which constitutes a waiver of the specific statutory procedure. In this circumstance, he cannot complain of the alleged error on appeal. Notwithstanding, we find substantial compliance with the purpose and intent of the statute because defendant received a full competency hearing.

(Citations omitted.) *State v. Brooks, supra* at 538.

In *State v. Eldridge,* 17 Wn. App. 270, 562 P.2d 276 (1977), a hearing was held on June 21, 1973, to determine the defendant's capacity to stand trial. The State submitted a report by a psychiatrist who concluded that Eldridge was competent to stand trial and that he understood what he was doing at the time of the crimes. Eldridge's chosen psychiatrist had not yet examined him. A week later he proceeded to a trial resulting in a mistrial. August 22, 1973, he was again brought to trial before another judge. The trial court held a brief competency hearing considering the earlier report by the state psychiatrist as well as the report by Eldridge's psychiatrist which also concluded he was competent to stand trial. The trial then proceeded. This court held that:

The trial judge considered these reports and conducted a hearing into Eldridge's ability to understand his peril and to rationally assist his counsel in his defense. He observed Eldridge's appearance and demeanor. Finally he exercised his discretion and concluded that no sufficient basis existed upon which to grant Eldridge's motion.

For obvious reasons, the determination of competency to stand trial is a decision in which the trial judge must be afforded discretion. A trial judge's determination should not be disturbed by an appellate court absent an abuse of discretion.

*State v. Eldridge, supra* at 279.

We hold that the statutory requirement that two experts be appointed to examine a defendant is not a constitutional right but is statutory and may be waived by counsel.

█ The role of counsel in a determination of competency of his client is unique. The lawyer is a representative of his client and is also an officer of the court. The importance of the lawyer's role, as the one who has the closest contact with the defendant was recognized by the United States Supreme Court in *Drope v. Missouri,* 420 U.S. 162, 177 n.13, 43 L. Ed. 2d 103, 95 S. Ct. 896 (1975):

Although we do not, of course, suggest that courts must accept without question a lawyer's representations concerning the competence of his client, see *United States ex rel. Rizzi v. Follette,* 367 F.2d 559, 561 (CA2 1966), an expressed doubt in that regard by one with "the closest contact with the defendant," *Pate v. Robinson,* 383 U.S. 375, 391 (1966) (Harlan, J., dissenting), is unquestionably a factor which should be considered.

Similarly, the lawyer's opinion as to the client's competency and ability to assist in the defense are factors which should be considered. The court must give considerable weight to the lawyer's representations in applying the test to determine the competency of a defendant to stand trial.

The lawyer, acting on behalf of his client, waived the statutory requirement for the appointment of experts. The court conducted an evidentiary hearing, heard the evidence, considered counsel's statement and made his determination. The trial court did not abuse its discretion.

Affirm.

JAMES and ANDERSEN, JJ., concur.

Reconsideration denied May 11, 1978.