[No. 47827–9. En Banc. January 14, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. LESLIE E. WICKLUND, *Respondent.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John T. Arrabito, Deputy,* for appellant.

*Louis Daniel Fessler,* for respondent.

WILLIAMS, J.—Pursuant to RCW 2.06.030(d) and RAP 4.2, the following questions have been certified to us by the Court of Appeals, Division Three: (1) Do the provisions of RCW 10.77 apply to courts of limited jurisdiction so as to govern determination of competency in those courts? (2) If the provisions of RCW 10.77 do apply, are the provisions of RCW 10.77.060, requiring a formal psychiatric examination and report, mandatory or directory?

For the reasons stated below, we hold that determinations of competency in courts of limited jurisdiction are governed by RCW 10.77 and the formal psychiatric reports and examinations required by RCW 10.77.060 are mandatory.

The facts in this case are not disputed on appeal. Respondent Leslie E. Wicklund was arrested on July 20, 1979, and charged with the offenses of driving under the influence of intoxicants, having no driver's license on his person, resisting arrest, and simple assault. He spent the weekend in the Yakima County alcohol detoxification facility and was arraigned in Yakima County District Court on July 23, 1979. The respondent entered a plea of not guilty and a trial date was set. At the arraignment, the court received a letter from the detoxification facility stating that the respondent was confused, had problems with equilibrium, and needed assistance in walking. On September 18, 1979, the respondent appeared with counsel and alleged that he was not competent to stand trial. The case was continued for a determination of Mr. Wicklund's compe-

tency, but the court first placed the burden of establishing his competency on the State. A new trial date was set, but respondent failed to appear. The State then filed a motion with supporting documents seeking an order to commit the respondent for psychiatric evaluation. The motion was denied by the district court judge on the grounds that the court lacked jurisdiction over mental commitments.

The State then filed an application for a writ of review to the superior court. The court found that the district court was correct in its ruling that it lacked jurisdiction under RCW 10.77.050 *et seq.* to commit the respondent for a professional examination. The court did find, however, that RCW 10.77.090 authorized the district court to stay proceedings for a sufficient time to refer Mr. Wicklund to the county mental health professional for an evaluation of competency to stand trial. No final determination as to the respondent's competency to stand trial has yet been made.

I

It is fundamental that no incompetent person may be tried, convicted, or sentenced for the commission of an offense so long as the incapacity continues. RCW 10.77.050. Indeed, the conviction of an accused while he is legally incompetent violates his constitutional right to a fair trial under the Fourteenth Amendment's due process clause. *Drope v. Missouri,* 420 U.S. 162, 172, 43 L. Ed. 2d 103, 95 S. Ct. 896 (1975); *Pate v. Robinson,* 383 U.S. 375, 378–86, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966); *State v. Tate,* 74 Wn.2d 261, 263–64, 444 P.2d 150 (1968), *appeal after remand,* 1 Wn. App. 1, 458 P.2d 904 (1969); *State v. O'Neal,* 23 Wn. App. 899, 901, 600 P.2d 570 (1979). The test for competency to stand trial is whether the accused is capable of properly understanding the nature of the proceedings against him and whether he is capable of rationally assisting his legal counsel in the defense of his cause. RCW 10.77.010(6). *See also State v. McDonald,* 89 Wn.2d 256, 265, 571 P.2d 930 (1977); *State v. Gwaltney,* 77 Wn.2d 906, 907, 468 P.2d 433 (1970). The determination of a

defendant's competency to stand trial is the same whether the offense charged is a felony or a misdemeanor and whether it is to be tried in superior court or a court of limited jurisdiction. The only remaining issue then is what procedures are to be utilized for determining competency to stand trial in each of those courts?

Prior to 1973, Washington courts relied exclusively on their inherent judicial powers to make determinations regarding competency. *See State v. Johnston,* 84 Wn.2d 572, 576, 527 P.2d 1310 (1974); *State v. Thomas,* 75 Wn.2d 516, 517–18, 452 P.2d 256 (1969); *State v. Dodd,* 70 Wn.2d 513, 514, 424 P.2d 302 (1967); *State v. Peterson,* 90 Wash. 479, 482, 156 P. 542 (1916). In 1973, the legislature created a new chapter, RCW 10.77, relating to procedures, treatment, and care of the criminally insane and those incompetent to stand trial. Laws of 1973, 1st Ex. Sess., ch. 117, p. 795. Portions of that chapter relevant to this case were added by amendment in 1979. Laws of 1979, 1st Ex. Sess., ch. 215, § 3, p. 1873. The effect of that legislation was to standardize the procedures to be used in making determinations of competency.

The respondent contends that RCW 10.77 was intended to apply only to the superior courts and not to courts of limited jurisdiction. Instead, he contends those courts should continue to rely only on their inherent judicial powers to make competency determinations. In support of this contention, he makes two basic arguments. First, the respondent argues that Const. art. 4, §§ 10 and 12 require that the jurisdiction of courts of limited jurisdiction be affirmatively granted by the legislature. Since RCW 10.77 makes no mention of courts of limited jurisdiction, he concludes that the provisions do not apply to those courts. Second, he argues that specific features of RCW 10.77, such as numerous references to "felonious acts", lack of references to misdemeanors until 1979, and the appearance in 1979 of a civil commitment alternative in RCW 10.77-.060(3)(f) relating only to misdemeanors, all indicate applicability of that chapter only to superior courts.

To support his first argument, the respondent cites *State v. Davidson,* 26 Wn. App. 623, 613 P.2d 564 (1980), and *McCall v. Carr,* 125 Wash. 629, 216 P. 871 (1923), for the proposition that jurisdiction must be affirmatively granted to courts of limited jurisdiction. The above cases are inapplicable to this case, however, since they deal with *territorial jurisdiction* to act—not with the *powers* of such courts to determine such fundamental issues as competency to stand trial.

Respondent's second argument is similarly unconvincing. A specific reference to "felonious acts" is made in RCW 10.77.060(3)(f), which deals with the report of the examination by court appointed experts. As part of the report, the statute requires:

> (f) An opinion as to whether the defendant is a substantial danger to other persons, *or* presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

(Italics ours.) RCW 10.77.060(3)(f). It is readily apparent that this provision is meant to read in the disjunctive: "substantial danger to other persons, *or* presents a substantial likelihood of committing felonious acts". Additionally, the reference is to the likelihood the individual will perform future felonious acts, and does not refer to the acts which brought him before the court.

The reference to misdemeanors and the addition of a civil commitment alternative for those crimes appear in RCW 10.77.090(1), which reads in part as follows:

> If the defendant is charged with a crime which is not a felony, the court may stay or dismiss proceedings and detain the defendant for sufficient time to allow the county mental health professional to evaluate the defendant and commence proceedings under chapter 71.05 RCW if appropriate; and subsections (2) and (3) of this section shall not be applicable: *Provided,* That, upon order of the court, the prosecutor may directly petition for fourteen days of involuntary treatment under chapter 71.05 RCW.

The above quoted portion of RCW 10.77.090(1) establishes special procedures for incompetent misdemeanants, limiting the involuntary commitment of those persons to 14 days rather than the 90 days contemplated by other portions of the statute. The addition of this special procedure in the 1979 statutory amendment does not mean RCW 10.77 was never before applicable to courts of limited jurisdiction. Rather, we believe it indicates the legislature's concern that misdemeanants previously could be committed involuntarily for up to 90 days (and possibly a 90-day extension)—a detention which could be longer than any sentence imposed.[1]

We believe the provisions of RCW 10.77 are made applicable to courts of limited jurisdiction by means of RCW 3.66.010, which provides in pertinent part:

The justices of the peace elected in accordance with chapters 3.30 through 3.74 RCW are authorized to hold court as judges of the justice court for the trial of all actions enumerated in chapters 3.30 through 3.74 RCW or assigned to the justice court by law; to hear, try, and determine the same according to the law, and for that purpose *where no special provision is otherwise made by law, such court shall be vested with all the necessary powers which are possessed by courts of record in this state; and all laws of a general nature shall apply to such justice court as far as the same may be applicable and not inconsistent with the provisions of chapters 3.30 through 3.74 RCW.*

(Italics ours.) The above statute confers all necessary powers on courts of limited jurisdiction as are possessed by

---

[1]The civil commitment alternative mentioned in RCW 10.77.090(1) requires, as a prerequisite, a finding that the defendant is incompetent to stand trial. Courts of limited jurisdiction may detain the defendant for a reasonable period of time to permit the county mental health professional to evaluate the defendant and commence proceedings under RCW 71.05. Since RCW 71.05.200(1)(a) requires all civil commitment proceedings to take place in superior court, the proviso of RCW 10.77.090(1) must be interpreted to permit the prosecutor to directly petition the superior court for up to 14 days of involuntary treatment, upon order of a court of limited jurisdiction. Courts of limited jurisdiction are not empowered by RCW 10.77.090(1) to civilly commit individuals.

other courts of this state. Additionally, it applies all general laws to those courts to the extent that such provisions are not inconsistent with other statutes applicable to courts of limited jurisdiction. Since the power to determine competency is a necessary power of all criminal courts, and since the general provisions of RCW 10.77 are not inconsistent with the powers and duties of courts of limited jurisdiction, RCW 10.77 is applicable to those courts through RCW 3.66.010. We can see no logical reason to apply RCW 10.77 only to superior courts since the same determination of competency is involved in courts of limited jurisdiction and that determination can implicate the defendant's fundamental right of due process. Therefore, we hold the provisions of RCW 10.77 to be equally applicable to superior courts and courts of limited jurisdiction.

## II

Respondent offers an alternative argument that even if RCW 10.77 applies to courts of limited jurisdiction, the requirement of a written report of a defendant's mental condition pursuant to RCW 10.77.060(1) is directory rather than mandatory. This result would uphold the trial court's action of staying the proceedings against Mr. Wicklund, pursuant to RCW 10.77.090(1), pending his evaluation by the county mental health professional.

RCW 10.77.060(1) provides, in pertinent part:

(1) Whenever a defendant has pleaded not guilty by reason of insanity, or there is reason to doubt his competency, the court on its own motion or on the motion of any party *shall either appoint or request the secretary to designate at least two qualified experts or professional persons,* one of whom shall be approved by the prosecuting attorney, *to examine and report upon the mental condition of the defendant.*

(Italics ours.)

■■ In *State v. Israel,* 19 Wn. App. 773, 777, 577 P.2d 631 (1978), the Court of Appeals held the provisions of RCW 10.77.060(1), requiring the appointment of at least two mental health experts, to be mandatory. In arriving at

this conclusion, the court analogized RCW 10.77.060(1) to a similar federal statute in 18 U.S.C. § 4244. The federal statute was interpreted in *United States v. Cook*, 418 F.2d 321, 324 (9th Cir. 1969), to mandate the appointment of a psychiatrist whenever the issue of competency is properly raised. The Court of Appeals followed the *Cook* reasoning with respect to RCW 10.77.060(1) and went on to hold that although the procedure was mandatory, it could validly be waived. *State v. Israel, supra*. We agree that the procedures of RCW 10.77.060(1) are mandatory and not merely directory.

In the case before us, the issue of competency was raised by the respondent himself. There was no waiver of the procedures of RCW 10.77.060(1) since the State requested the appointment of two mental health experts to evaluate and report on the respondent's competency under the rule stated in *Israel*. The need for those expert opinions is even greater here, since the burden of establishing Mr. Wicklund's competency was placed on the State.

The Superior Court's ruling that the district court could detain the respondent for an examination by the county mental health professional pursuant to RCW 10.77.090(1) is statutorily incorrect. The prerequisite to action under that section is stated in its opening sentence:

> (1) If at any time during the pendency of an action and prior to judgment, the court finds *following a report as provided in RCW 10.77.060, as now or hereafter amended, that the defendant is incompetent,* the court shall . . .

(Italics ours.) RCW 10.77.090(1). Since no experts were appointed and no determination was made that the respondent was incompetent, the court was incorrect in even reaching the language of RCW 10.77.090(1).

Finally, the respondent urges that if the procedures of RCW 10.77.060(1) requiring the reports of two experts is mandatory, the court's power to commit the respondent for up to 15 days of evaluation is discretionary:

For purposes of the examination, the court *may* order the

defendant committed to a hospital or other suitable facility for a period of time necessary to complete the examination, but not to exceed fifteen days.

(Italics ours.) RCW 10.77.060(1). We agree that while the appointment of two mental health experts is mandatory, the decision of whether or not to commit the respondent for examination is a matter left to the sound discretion of the trial judge.

Since the court below failed to follow the mandatory procedures of RCW 10.77.060(1) to determine the respondent's competency to stand trial, we remand the case for further proceedings not inconsistent with this opinion.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied March 3, 1982.