# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 67894-9-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| ALEXANDER ORTIZ-ABREGO, | ) ) | FILED: August 17, 2015 |
| Respondent. | ) ) ) | |

LEACH, J. — The State appeals a trial court's decision to grant Alexander Ortiz-Abrego a new trial after finding him incompetent to stand trial or to be sentenced. Because the trial court applied the wrong legal standard for competency, we reverse and remand for further proceedings consistent with this opinion.

## FACTS

In October 2008, the State charged Ortiz-Abrego with two counts of rape of a child. On May 10, 2010, the first day of trial, counsel and the trial court expressed some concern about Ortiz-Abrego's competency. After a brief colloquy with Ortiz-Abrego, the trial court found him competent. After Ortiz-Abrego rejected a plea offer, the State amended the information to add a third count of rape of a child.

The court recessed on May 17, 2010, to allow neuropsychologist Dr. Tedd Judd to evaluate Ortiz-Abrego. Judd, a certified Hispanic mental health specialist and cross-cultural specialist, interviewed Ortiz-Abrego in Spanish. In his report, Judd described Ortiz-Abrego as having "a borderline mentally retarded intellectual level with concrete thinking," with an IQ [intelligence quotient] around 70.[1] Judd identified a specific learning disability in auditory comprehension, with weaknesses "in math and in quantitative thinking generally. The cause of this disability is unknown, but it is probably lifelong." Judd performed a specific test for memory malingering, which showed "good test effort when he fully understood the task."[2]

Judd clarified, "A specific evaluation of competence to stand trial was not requested and a full evaluation of this capacity was not completed." However, Judd emphasized that Ortiz-Abrego's "borderline intelligence, concrete thinking, and auditory comprehension disability will have a substantial impact on his ability to participate in a trial. Most notably, he will have great difficulty in tracking, understanding, and remembering the proceedings." Judd suggested a number of ways to compensate for Ortiz-Abrego's limitations:

---

[1] Dr. Tedd Judd estimated Ortiz-Abrego's intellectual level at 70, "in the borderline range and consistent with this achieved IQ."

[2] "Malingering" is "false or grossly exaggerated symptoms intentionally produced for some external purpose." State v. Sisouvanh, 175 Wn.2d 607, 613, 290 P.3d 942 (2012).

Adjudicative Accommodations:

Mr. Ortiz-Abrego's cognitive impairments can be accommodated in the courtroom by frequent breaks to explain things. This explanation may be most efficiently carried out by a Spanish-speaking assistant who has some understanding of court proceedings, his case, and cognitive limitations. Simple written summaries in Spanish can help with his memory limitations, but direct translations of legal documents will be of limited use because of the limitations in his reading comprehension. Such summaries can be particularly helpful with decision-making, by summarizing the alternatives along with the advantages, disadvantages, and chances of success. To assure his comprehension, he should be asked to explain back what he has been told. If he is unable to explain, then he should be asked short answer, multiple choice or yes/no questions about the content, for example, "If you accept this plea bargain, how long will you go to prison for?" Simply asking him if he has understood something is almost certain to be an inaccurate and ineffective assurance of comprehension.

When he is testifying, questions should be brief, simple, and concrete. Interruptions to his narrative should be minimized. If mathematical precision is required, the numbers should be written down for him and the discrepancies explained, and he should be permitted to revise his responses to try to clarify the situation.

If challenging the testimony of others is an expected function, then there should be a break after the testimony that he could potentially challenge that would allow an assistant to explain the testimony to him and elicit potential challenges.

Defense counsel made no motions based on Judd's report, nor did the parties or the court raise the competency issue again during trial.

On May 27, 2010, a jury found Ortiz-Abrego guilty on counts I and III. On June 3, 2010, defense counsel filed a motion to arrest judgment or for a new trial, based on the competency issue, stating in a declaration, "[C]ounsel is concerned that Mr. Ortiz Abrego lacked the capacity to understand the process with which

he was involved for three weeks," given his cognitive limitations.[3] In June 2011, following inconclusive competency reports from Western State Hospital, the court held a contested competency hearing, ultimately finding that Ortiz-Abrego was "not competent to stand the trial we gave him" or to be sentenced.

On October 3, 2011, the trial court entered extensive findings of fact and conclusions of law. The court found by a preponderance of the evidence that at the time of trial, Ortiz-Abrego understood the charges against him. The court expressed doubt about Ortiz-Abrego's ability to appreciate his peril but declined to make a finding that he lacked such ability "because it is possible that a more skilled attorney utilizing the type of accommodations suggested by Dr. Judd could have helped the defendant understand this." The court found Ortiz-Abrego incompetent to be sentenced:

> 2. However, because none of the accommodations Dr. Judd suggested were made, I find by a preponderance of the evidence that the defendant was unable to understand the trial process, the testimony of witnesses, and argument as a result of the combination of his borderline intellectual functioning and his auditory processing disability. Therefore, I find that he lacked the capacity to assist his attorney in the absence of the accommodations outlined by Dr. Judd, as set forth in Exhibit 4.

> 3. I find by a preponderance of the evidence that the defendant was not competent to stand the trial we gave him, because he was not capable of properly understanding the nature

---

[3] Counsel stated in her declaration that she had attempted to explain sentencing options "at least more than 15 times."

of the trial proceeding or rationally assisting his legal counsel in the defense of his cause.

4. I find that the defendant is not competent to be sentenced because even if the Court were to adopt the accommodations recommended by Dr. Judd, he did not understand the proceeding that [led] to his conviction.

The trial court granted defense's motion for a new trial. The State appeals.

## STANDARD OF REVIEW

We review trial court competency decisions for abuse of discretion.[4] A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.[5] An abuse of discretion standard also applies to a trial court's decision granting a motion for a new trial.[6]

A trial court's wide discretion allows it to operate within "a 'range of acceptable choices.'"[7] The reviewing court retains authority to "clarify and refine the outer bounds of the trial court's available range of choices and, in particular, to identify appropriate legal standards."[8] We review de novo whether the trial

---

[4] Sisouvanh, 175 Wn.2d at 620, 622 n.3; State v. Ortiz, 104 Wn.2d 479, 482, 706 P.2d 1069 (1985); State v. Lawrence, 108 Wn. App. 226, 232, 31 P.3d 1198 (2001), abrogated on other grounds by State v. Delgado, 148 Wn.2d 723, 63 P.3d 792 (2003).

[5] State v. Magers, 164 Wn.2d 174, 181, 189 P.3d 126 (2008).

[6] See Palmer v. Jensen, 132 Wn.2d 193, 197-98, 937 P.2d 597 (1997).

[7] Sisouvanh, 175 Wn.2d at 623 (internal quotation marks omitted) (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

[8] Sisouvanh, 175 Wn.2d at 623.

court applied the correct legal standard.[9] When a court applies an erroneous legal standard, it abuses its discretion as a matter of law.[10]

ANALYSIS

"It is fundamental that no incompetent person may be tried, convicted, or sentenced for the commission of an offense so long as the incapacity continues."[11] Courts presume a person's competency, and Washington's competency statutes, found in chapter 10.77 RCW, place the burden on the party challenging competency to prove by a preponderance of the evidence any alleged incompetency.[12]

In Dusky v. United States,[13] the United States Supreme Court stated the test for competency as "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings

---

[9] McCleary v. State, 173 Wn.2d 477, 514, 269 P.3d 227 (2012) (citing Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003)).

[10] Sisouvanh, 175 Wn.2d at 623 (trial court makes decision "'for untenable reasons'" and thus abuses discretion when it applies wrong legal standard) (internal quotation marks omitted) (quoting Rohrich, 149 Wn.2d at 654).

[11] State v. Wicklund, 96 Wn.2d 798, 800, 638 P.2d 1241 (1982); U.S. CONST. amend. XIV, § 1; RCW 10.77.050.

[12] State v. Coley, 180 Wn.2d 543, 556-57, 326 P.3d 702 (2014); see also State v. Harris, 114 Wn.2d 419, 435-36, 789 P.2d 60 (1990). In Coley, our Supreme Court clarified that the presumption of competence and burden remain on the party challenging competency even following a previous determination of incompetency. Coley, 180 Wn.2d at 555, 557-58.

[13] 362 U.S. 402, 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

against him." In <u>Godinez v. Moran</u>,[14] the Court reiterated, "Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." This standard applies "from the time of arraignment through the return of a verdict" and through sentencing.[15]

Washington law states "incompetency" means a person "lacks the capacity to understand the nature of the proceedings against him or her or to assist in his or her own defense as a result of mental disease or defect."[16] Courts have related the first part of the inquiry to a defendant's appreciation of his peril and basic understanding of trial, the charges, and the roles of those involved in the proceedings.[17] For the second part of the inquiry, which our Supreme Court has called a "minimal requirement,"[18] courts have focused on a defendant's ability to recall past facts which would be useful to the defense and relate those facts to his or her attorney.[19] However, a defendant need not be able to suggest any particular trial strategy or even to choose among alternative

---

[14] 509 U.S. 389, 402, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993).

[15] <u>Moran</u>, 509 U.S. at 403 (Kennedy, J., concurring); <u>Wicklund</u>, 96 Wn.2d at 800.

[16] RCW 10.77.010(15); <u>Ortiz</u>, 104 Wn.2d at 482; <u>Wicklund</u>, 96 Wn.2d at 800; <u>Lawrence</u>, 108 Wn. App. at 232.

[17] <u>Harris</u>, 114 Wn.2d at 427-28; <u>Ortiz</u>, 104 Wn.2d at 482-83; <u>Lawrence</u>, 108 Wn. App. at 232.

[18] <u>Harris</u>, 114 Wn.2d at 429.

[19] <u>Harris</u>, 114 Wn.2d at 428; <u>Lawrence</u>, 108 Wn. App. at 232-33; <u>Ortiz</u>, 104 Wn.2d at 483.

defenses.[20] Nor does an inability to recall past events establish incompetency.[21] And establishing low intellectual functioning, without more, does not show incompetence.[22] A trial court may consider many factors in making its competency determination, "including the defendant's appearance, demeanor, conduct, personal and family history, past behavior, medical and psychiatric reports and the statements of counsel."[23]

The State contends that the trial court used the wrong test to determine competency and asks us to reverse the trial court and remand with instructions to apply the correct standard. We agree and reverse and remand accordingly.

In its findings of fact, the trial court noted that Dr. Tedd Judd's approach emphasizing educational accommodations "differs conceptually" from the approach to competency evaluation taken by Western State Hospital doctors. Washington law requires that a defendant have the capacity to understand the nature of the proceedings against him and have a basic understanding of trial. Unlike the standard the trial court used, it does not require proof that a defendant has an actual or a "proper" understanding of "the trial process, the testimony of witnesses, and argument." And while the trial court has discretion to

---

[20] Harris, 114 Wn.2d at 428; Ortiz, 104 Wn.2d at 483.
[21] Harris, 114 Wn.2d at 428.
[22] Ortiz, 104 Wn.2d at 482-84; Lawrence, 108 Wn. App. at 232; State v. Minnix, 63 Wn. App. 494, 498-99, 820 P.2d 956 (1991).
[23] State v. Dodd, 70 Wn.2d 513, 514, 424 P.2d 302 (1967).

accommodate a defendant with cognitive difficulties, the court's finding of incompetence due to a lack of accommodations conflicts with the standard stated in the statute and case law. In relying on Dr. Judd's approach to find Ortiz-Abrego incompetent because of a lack of accommodations, the court strayed from well-established Washington law, adopting a hybrid standard blending Washington competency law with the "reasonable accommodations" requirements of the ADA (Americans with Disabilities Act).[24]

The court's colloquies with counsel during hearings about the court's findings support our conclusion. The court discussed the possibility "that we could design a way of conducting a trial for which [Ortiz-Abrego] would be competent." The court admitted to struggling with "this whole concept of reasonable accommodations" and considered whether "we may not be in a situation of changing the defendant; we may be in a situation of changing us" by using Dr. Judd's recommended accommodations.

Although the trial court thoughtfully considered many factors and weighed the evidence of a voluminous record covering three years of complicated proceedings, the court used a test that differs from Washington's two-part test for determining competency. Thus, the court abused its discretion.

---

[24] Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(b)(5)(A).

CONCLUSION

We reverse the trial court's 2011 competency decision and order for a new

trial. We remand for further proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Appelwick, J_    _Becker, J_