# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|                              |   |                        |
|------------------------------|---|------------------------|
| STATE OF WASHINGTON,         | ) | No. 68068-4-I          |
|                              | ) |                        |
| Respondent,                  | ) | DIVISION ONE           |
|                              | ) |                        |
| v.                           | ) |                        |
|                              | ) |                        |
| P.E.T. (DOB: 03/29/93),      | ) | PUBLISHED              |
|                              | ) |                        |
| Appellant.                   | ) | FILED: February 17, 2015 |
|                              | ) |                        |

COX, J. — At issue is whether the trial court improperly placed on Parish Tate the burden of proving his incompetence at a competency hearing under former chapter 10.77 RCW (2010). The hearing occurred during the juvenile court's adjudication and disposition on the charge of second degree robbery.

We previously concluded that the trial court erroneously placed the burden of proving incompetence on Tate, and we reversed and remanded.[1] Following that decision, the supreme court, in State v. Coley, made clear that the burden of proof under this chapter is on the party challenging competency.[2] Accordingly, the supreme court granted the State's petition for review in this case and remanded to this court for reconsideration in light of Coley.

We called for supplemental briefing and directed the parties to address the effect of Coley on this case. After considering the parties' briefing, and looking to

---

[1] State v. P.E.T., 174 Wn. App. 590, 300 P.3d 456 (2013), remanded, 181 Wn.2d 1007, 335 P.3d 940 (2014).

[2] 180 Wn.2d 543, 554, 326 P.3d 702 (2014).

Coley, we conclude that the trial court properly placed the burden of proving incompetence on Tate, the party challenging competency. Accordingly, we now affirm.

The relevant facts are undisputed. In 2009, Tate was found incompetent and several charges against him were dismissed based on that finding.[3] That proceeding and those charges are unrelated to this case.

In December 2010, slightly over one year after the prior dismissal based on incompetency, the State charged Tate with second degree robbery after an incident on a bus.

Because the juvenile court had reason to doubt Tate's competency, it ordered that Tate be admitted for evaluation at Western State Hospital to determine whether he was competent to stand trial.[4] Two qualified professionals examined him.[5] One of these professionals, Western State Hospital Staff Psychologist Dr. Ray Hendrickson, authored a Forensic Mental Health Evaluation for Tate on April 7, 2011.[6]

---

[3] Findings of Fact and Conclusions of Law Regarding Defendant's Competency, Clerk's Papers at 16.

[4] Id.

[5] Id.

[6] Id.

Tate contested the findings in the report, and the court held a competency hearing. At the hearing, the State asked for a determination of competency, and Tate asked for a determination of incompetency.[7]

The State presented testimony from Dr. Hendrickson. He testified that Tate (1) "[did] not currently suffer from a mental illness," (2) "possesse[d] the ability to have a factual and rational understanding of the charges and court proceedings he faces," and (3) "possesse[d] the capacity to communicate with his attorney to assist in his defense."[8] Tate's counsel cross-examined the doctor regarding his report and findings.

During that hearing, the issue of which party bore the burden of proof arose. The court considered case authority and arguments of the parties on this question. Thereafter, the court concluded that Tate had to prove by a preponderance of the evidence that he was incompetent to stand trial. Based on this conclusion and the evidence at the hearing, the court found that Tate had "not proven by a preponderance of the evidence that he remains incompetent."[9]

The court proceeded to the fact-finding hearing and adjudicated Tate guilty of the crime charged. Findings, conclusions, and an order consistent with this determination followed.

---

[7] Id. at 15.

[8] Id. at 16.

[9] Order on Motion Re Competency Hearing, Clerk's Papers at 13.

Tate appealed, and we reversed. Thereafter, the supreme court granted the State's petition for review, and remanded for reconsideration in light of Coley.

## COMPETENCY

The issues are whether the trial court properly placed on Tate the burden of proving incompetence by a preponderance of the evidence and whether this denied Tate due process.[10] We hold that the trial court properly placed this burden on Tate and that this did not deny him due process.

"[T]he Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial."[11] Due process also requires that the state's procedures be adequate to protect this right.[12] But the United States Supreme Court has also held that once a state provides a defendant access to procedures for making a competency evaluation, due process does not require the State to assume the burden of proving that a defendant is competent to stand trial.[13]

---

[10] Appellant's Opening Brief at 3-8.

[11] Medina v. California, 505 U.S. 437, 439, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992); Pate v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966)).

[12] Pate, 383 U.S. at 378.

[13] Medina, 505 U.S. at 449.

In Washington, there is additional statutory protection.[14] RCW 10.77.050 provides that "[n]o incompetent person shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues."

A person is incompetent under the statute if he or she "lacks the capacity to understand the nature of the proceedings against him or her or to assist in his or her own defense as a result of mental disease or defect."[15]

We review a trial court's determination of competency for abuse of discretion.[16] Whether the State or a defendant bears the burden of proof at a competency hearing is a question of law that we review de novo.[17]

*Burden of Proof*

The question before us is who bears the burden of proof under chapter 10.77 RCW to prove incompetency of one charged with a criminal offense—the defendant or the State.[18] According to Coley, the legislature intended the burden to fall on the person challenging competency.[19]

---

[14] In re Fleming, 142 Wn.2d 853, 862, 16 P.3d 610 (2001) (citing RCW 10.77.050).

[15] Compare former RCW 10.77.010(15) (2010), with RCW 10.77.010(15) (using identical language to define "incompetency").

[16] State v. Benn, 120 Wn.2d 631, 662, 845 P.2d 289 (1993).

[17] Coley, 180 Wn.2d at 551.

[18] See id. at 552.

[19] Id. at 554.

Chapter 10.77 RCW sets out "the procedures for the evaluation and treatment of those alleged to be incompetent to stand trial."[20] And this chapter is "generally applicable to juvenile competency determinations."[21] Former RCW 10.77.060 (2010) provides when and how a criminal defendant's competency should be evaluated. Former RCW 10.77.084 (2010) provides the procedures for staying the proceedings and restoring competency. Neither of these statutes explicitly assigns to either party the burden of proof at a defendant's competency hearing.[22]

Recently, in Coley, the supreme court directly addressed the question of "whether chapter 10.77 RCW places the burden of proof to prove incompetency on a criminal defendant who is claiming incompetency or on the State."[23]

In that case, Blayne Coley argued that the trial court incorrectly placed on him the burden of proving his incompetence at a June 2010 competency hearing.[24] Previously, in 2009, a judge referred Coley to Eastern State Hospital for a competency evaluation.[25] After receiving a report from a doctor at that

---

[20] State v. E.C., 83 Wn. App. 523, 529, 922 P.2d 152 (1996).

[21] Id. at 530.

[22] See former RCW 10.77.060 (2010); former RCW 10.77.084 (2010); see also former RCW 10.77.086 (2010) (providing the commitment procedures for a felony charge).

[23] Coley, 180 Wn.2d at 552.

[24] Id. at 547, 550.

[25] Id. at 548.

hospital that Coley was incompetent, the court ordered a 90-day stay of proceedings and referred Coley back to the hospital for treatment designed to restore him to competency.[26] Following the treatment period, a doctor at Eastern State Hospital issued a report stating that Coley was competent to stand trial, and defense counsel submitted a report from Coley's expert.[27] Thereafter, the court ordered the June 2010 competency hearing, at which it placed on Coley the burden to prove his incompetence.[28]

The supreme court rejected Coley's arguments that this was error. In particular, it rejected Coley's arguments that, based on the trial court's 2009 order staying the trial and ordering competency treatment, "[T]he presumption of competency was replaced by a presumption of incompetency that shifted the burden of proof to the State."[29]

The court first rejected Coley's contention that the burden of proof placement depended on the distinction between a competency hearing and a restoration hearing.[30] It disagreed with Coley's assertion that the statute distinguishes between a competency hearing and a competency restoration hearing, and it noted that "the question is the same in each hearing: the

---

[26] Id.

[27] Id. at 548-49.

[28] Id. at 549.

[29] Id. at 552.

[30] Id. at 554.

defendant's competency."[31] Thus, it concluded that "the legislature did not intend to create different procedures for initial competency determinations and competency restoration hearings," rather, "the legislature created a comprehensive scheme for evaluating a defendant's competency."[32]

The court then looked to the relevant statutes and stated, "Although chapter 10.77 RCW does not explicitly assign the burden of proof to either party, we interpret the statutes to place the burden on the party challenging competency."[33] Accordingly, it concluded that the legislature intended the burden of proof under chapter 10.77 RCW to rest with the party challenging competency and that the trial court properly placed the burden on the party challenging competency in that case—Coley—to prove incompetency.[34]

Notably, the majority in that case explicitly also rejected the dissent's view that the relevant statutes "are most properly interpreted as placing the burden of proof on the party challenging the status quo."[35] Thus, at the start of the trial, the status quo is usually the default presumption that the defendant is competent.[36] If the judge enters an order of competency, the status quo remains a

---

[31] Id.

[32] Id.

[33] Id.

[34] Id. at 562.

[35] Id. at 563 (Gordon McCloud, J., dissenting).

[36] Id.

presumption of competency.[37] But if the judge enters an order that the defendant is not competent, then the presumption of competency no longer exists and the trial judge's actual finding replaces that presumption.[38]

Here, Tate relies, in part, on the 2009 finding that he was then incompetent to be adjudicated on unrelated charges in a prior case. He appears to argue that is the "status quo" that effectively shifts the burden of proof to the State. Because the supreme court explicitly rejected this interpretation of the statute in Coley, we also must reject this argument.

Tate argues that State v. Wicklund,[39] State v. Hurst,[40] and Born v. Thompson[41] make it clear that the State has the burden to prove that a defendant is competent. But Coley, the most recent supreme court authority, squarely rejects this argument.

*Due Process*

Tate next argues that imposing the burden of proof of incompetency on him violates due process and is a structural error that requires reversal of his adjudication and disposition. Coley holds otherwise.

---

[37] Id.

[38] Id.

[39] 96 Wn.2d 798, 638 P.2d 1241 (1982).

[40] 158 Wn. App. 803, 244 P.3d 954 (2010), aff'd, 173 Wn.2d 597, 269 P.3d 1023 (2012).

[41] 154 Wn.2d 749, 117 P.3d 1098 (2005).

9

"Structural error is a special category of constitutional error that 'affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself.'"[42] If a structural error occurs in a criminal trial, the trial "'cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.'"[43] A structural error "resists" a harmless error analysis because "it taints the entire proceeding."[44]

In Coley, the supreme court also directly addressed whether placing the burden of proof on the defendant violates due process under the Washington and United States Constitutions.[45] It held, "At competency hearings in this state, all that due process requires is compliance with the mandates of chapter 10.77 RCW."[46] Accordingly, it concluded that because the trial court followed the provisions of chapter 10.77 RCW, due process was not violated.

The same is true here. The trial court complied with the provisions of chapter 10.77 RCW by properly placing the burden of proof on Tate to prove by a

---

[42] State v. Wise, 176 Wn.2d 1, 13-14, 288 P.3d 1113 (2012) (alternation in original) (quoting Arizona v. Fulminante, 499 U.S. 279, 310, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991)).

[43] Id. at 14 (quoting Fulminante, 499 U.S. at 310).

[44] State v. Levy, 156 Wn.2d 709, 725, 132 P.3d 1076 (2006).

[45] Coley, 180 Wn.2d at 557-59.

[46] Id. at 558-59.

preponderance of the evidence incompetency. Thus, there was no violation of due process. And there was no structural error.

## STATEMENT OF ADDITIONAL GROUNDS

Tate argues in his statement of additional grounds that he was not competent to stand trial. In our prior decision, we had no need to reach this issue. We do so now because of our ruling on the burden of proof.

"It is fundamental that no incompetent person may be tried, convicted, or sentenced for the commission of an offense so long as the incapacity continues."[47] A defendant is competent to stand trial if he "is capable of properly understanding the nature of the proceedings against him" and "is capable of rationally assisting his legal counsel in the defense of his cause."[48]

This court will not disturb a trial court's competency ruling absent a showing of an abuse of discretion.[49] We uphold findings of fact if supported by substantial evidence.[50] Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the finding.[51]

Here, substantial evidence supports the court's findings of fact that Tate could understand the nature of the proceedings against him and could effectively

---

[47] Wicklund, 96 Wn.2d at 800.

[48] Id.

[49] Benn, 120 Wn.2d at 662.

[50] State v. Broadaway, 133 Wn.2d 118, 130, 942 P.2d 363 (1997).

[51] State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

assist counsel in his defense. At the competency hearing, a Western State Hospital staff psychologist testified that Tate did not exhibit "any symptom of major mental illness." He gave the following opinion regarding Tate's competency:

> [Tate] presented with an understanding of the charges and the court proceedings that he would expect to take place when he returned to court, he had no difficulty communicating with either me or others, he exhibited an ability to apply reasoning, and in conclusion I felt that he has the ability, the current ability to have a factual and a rational understanding of the charges and the proceedings that he faces as well as the capacity to communicate with his attorney to assist in his defense.[52]

No expert testified to the contrary. In sum, the court's findings of fact are supported by substantial evidence. The court did not abuse its discretion when it concluded that Tate was competent to stand trial.

## NEW ARGUMENT

In his supplemental briefing in response to our order following remand, for the first time, Tate argues that "chapter 10.77 RCW "usurps the judiciary's authority and violates the Separation of Powers Doctrine." But he fails to explain why this new argument falls within the narrow exceptions of RAP 2.5(a), permitting review of new arguments. And he does not explain how this new argument overcomes the obstacle that statutes are presumed to be constitutional.[53] For these reasons, we decline to consider this new argument.

---

[52] Report of Proceedings (June 21, 2011) at 61-62.

[53] In re Pers. Restraint of McNeil, 181 Wn.2d 582, 590, 334 P.3d 548 (2014).

12

We affirm.

_Cox, J._

WE CONCUR:

_Jau, J._          _Dwyr, J._