# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 76407-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| TAN VAN VO, | UNPUBLISHED OPINION |
| Appellant. | FILED: June 4, 2018 |

LEACH, J. — Tan Van Vo appeals his convictions for assault in the second degree, burglary in the first degree, and misdemeanor harassment. Vo claims that the trial court violated his constitutional right of self-representation when it denied his request to proceed pro se. Because Vo vacillated between self-representation and the desire to change attorneys, the trial court did not abuse its discretion when denying the request. We affirm.

## BACKGROUND

On the day of trial, Vo's attorney announced, "Mr. Vo is requesting to discharge counsel, and—or proceed pro se." Vo explained that during the seven months before trial his lawyer did not meet with him or help him understand his case. But when directly asked, Vo admitted his attorney did meet with him. His attorney told the court that the discovery had been translated to Vietnamese for Vo. The trial court found no legal basis to discharge his attorney and told Vo that

he would not get to choose another lawyer on the first day of his trial. The exchange between the judge and Vo continued:

THE COURT: So, the next question is: do you want to represent yourself?

The case will not be continued; you will go downstairs immediately to start trial without the benefit of counsel.

You will be held to the same legal standard as a licensed, practicing attorney in the State of Washington.

INTERPRETER: Your Honor, can you repeat the last statement?

THE COURT: You will be required to represent yourself like a licensed, practicing attorney in the State of Washington.

INTERPRETER: [Speaks Vietnamese.]

THE COURT: Do you want to represent yourself?

INTERPRETER: [Speaks Vietnamese.]

MR. VO: [Speaks Vietnamese.]

INTERPRETER: I want to represent myself. I don't know anything, but I want to represent myself. Between my lawyer and I, there is not—I don't know what else to say.

THE COURT: Okay. Other than the fact that you're claiming that he hasn't gone over the police reports with you in Vietnamese, or with an interpreter, is there any other reason why you want to fire him?

INTEPRETER: [Speaks Vietnamese.]

MR. VO: [Speaks Vietnamese.]

INTEPRETER: On the days that I go to trial, I told my lawyer to bring—

THE COURT: Mr. Vo, try to stay focused. You're going to trial today; either with an attorney, Mr. Sorenson or by yourself.

Which do you want to do? You're not going to get a different lawyer.

So, it's time to make a decision. We have a trial judge ready to start your case today.

MR. VO: [Speaks Vietnamese.]

INTERPRETER: Please [inaudible] I do not know. I just want to try by myself.

THE COURT: No, it's not a question of trying; once you do it, the door's closed. You're on your own.
You don't get to bring him back, you don't get standby counsel; you're all by yourself. You're held to the same standard as a practicing attorney.
Do you know anything about the law?

MR. VO: [Speaks Vietnamese.]

INTERPRETER: I just need to go to court to change a lawyer, or I can—I do not feel that my lawyers have been helping me at all.

THE COURT: I'm not hearing a basis; it sounds like Mr. Sorenson has used the benefit of an interpreter to go over the police reports and explain to you what you're facing.
You don't get to change lawyers on the day of your trial.
So, I'm not hearing anything about going pro se.
So the motion is denied; you're going to go to trial.

INTEPRETER: [Speaks Vietnamese.]

MR. VO: [Speaks Vietnamese.]

THE COURT: You can report to your trial judge now.
We're all done.

After trial, Vo was convicted of assault in the second degree, burglary in the first degree, and misdemeanor harassment. Vo appeals.

## ANALYSIS

The Washington Constitution and the federal constitution provide criminal defendants the right of self-representation.[1] But this right is not absolute or self-

---

[1] WASH. CONST. art. I, § 22; Faretta v. California, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

executing.[2] The trial court must first determine whether a defendant's request is unequivocal and timely.[3] If a defendant makes a timely and unequivocal request for self-representation, then the trial court must determine whether the request is voluntary, knowing, and intelligent.[4] The court "must indulge in 'every reasonable presumption against a defendant's waiver of his or her right to counsel.'"[5]

This court reviews a trial court's decision on a self-representation request for an abuse of discretion.[6] Because the analysis of a defendant's waiver of counsel is fact specific, the trial court is in the best position to make the determination.[7] Therefore, an appellate court will reverse the trial court's decision only if it is "'manifestly unreasonable,' relies on unsupported facts, or applies an incorrect legal standard."[8]

Vo contends the trial court abused its discretion when it decided his request to proceed pro se was equivocal. A request to self-represent must be unequivocal to protect the defendant from making an impulsive waiver of counsel and to protect trial courts from manipulative vacillations by defendants about representation.[9] "While a request to proceed pro se as an alternative to substitution of new counsel

---

[2] State v. Woods, 143 Wn.2d 561, 586, 23 P.3d 1046 (2001).

[3] State v. Madsen, 168 Wn.2d 496, 504, 229 P.3d 714 (2010).

[4] Madsen, 168 Wn.2d at 504.

[5] Madsen, 168 Wn.2d at 504 (internal quotation marks omitted) (quoting In re Det. of Turay, 139 Wn.2d 379, 396, 986 P.2d 790 (1999)).

[6] State v. Coley, 180 Wn.2d 543, 559, 326 P.3d 702 (2014).

[7] Coley, 180 Wn.2d at 559 (citing State v. Hahn, 106 Wn.2d 885, 900-01, 726 P.2d 25 (1986)).

[8] Coley, 180 Wn.2d at 559 (internal quotation marks omitted) (quoting Madsen, 168 Wn.2d at 504).

[9] State v. Stenson, 132 Wn.2d 668, 740, 940 P.2d 1239 (1997).

does not necessarily make the request equivocal, such a request may be an indication to the trial court, in light of the whole record, that the request is not unequivocal."[10]

Vo unsuccessfully tries to distinguish his case from State v. Stenson.[11] There, Stenson filed a written request for new counsel,[12] which the trial court denied. Stenson then asked to represent himself.[13] The trial court also denied this request and found that Stenson "really [did] not want to proceed without counsel."[14] Similarly, here, the trial court denied Vo's request for new counsel, after which he asked to proceed pro se. After further discussion between the trial judge and Vo, Vo renewed his request for new counsel. The judge responded, "So, I'm not hearing anything about going pro se." As in Stenson, Vo did not counter the trial court's conclusion that his request was ambivalent. Because the record shows Vo equivocated about his request for self-representation, we affirm the trial court's decision.

---

[10] Stenson, 132 Wn.2d at 740. (citation omitted).
[11] 132 Wn.2d 668, 940 P.2d 1239 (1997).
[12] Stenson, 132 Wn.2d at 733.
[13] Stenson, 132 Wn.2d at 739-40.
[14] Stenson, 132 Wn.2d at 742 (alteration in original).

Vo also contends that the trial court did not determine that his request to proceed pro se was untimely.[15] But because the trial court denied his motion after finding his request equivocal, timeliness is not at issue.[16] So we do not reach it.

Finally, Vo contends that the trial court did not conduct a proper colloquy and thus we must treat his request as knowing, voluntary, and intelligent. But because the trial court found his request to be equivocal, we do not need to decide whether the request was knowing, voluntary, and intelligent.[17]

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his statement of additional grounds for review, Vo contends that the trial court violated his due process rights by failing to enter findings of fact and conclusions of law as required by CrR 6.1(d). But the record shows that the trial court entered findings of fact and conclusions of law on January 9, 2017. So no violation of due process occurred.

Vo also contends that the State did not prove beyond a reasonable doubt all the elements of burglary in the first degree with a deadly weapon. A defendant who challenges the sufficiency of the evidence admits the truth of the evidence and all rational inferences that may be drawn from it.[18] We will reverse a conviction

---

[15] Vo relies on a Division Two opinion, State v. Paumier, 155 Wn. App. 673, 230 P.3d 212 (2010), to show that his request was timely. But this is irrelevant because the trial court's denial was based on Vo's equivocal request.

[16] Woods, 143 Wn.2d at 586 ("The State does not suggest that Woods's request was untimely. The focus of our inquiry, therefore, is on whether the claimed request to proceed pro se was unequivocal.").

[17] E.g., Madsen, 168 Wn.2d at 504 ("Absent a finding that the request was equivocal or untimely, the court must then determine if the defendant's request is voluntary, knowing, and intelligent, usually by colloquy.").

[18] State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

"only where no rational trier of fact could find that all elements of the crime were proved beyond a reasonable doubt."[19]

First, Vo claims that the State did not prove that he used a deadly weapon as defined in RCW 9A.04.110(6). This statute defines a "deadly weapon" as

> any explosive or loaded or unloaded firearm, and shall include any other weapon, device, instrument, article, or substance, including "vehicle" as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm.

This statute describes two categories of deadly weapons: (i) "deadly weapons per se, namely 'any explosive or loaded or unloaded firearm'" and (ii) "deadly weapons in fact, namely 'any other weapon, device, instrument, article, or substance . . . which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm.'"[20] "[M]ere possession is insufficient to render 'deadly' a dangerous weapon other than a firearm or explosive."[21] Although Vo concedes that the bat he carried could cause death or serious bodily injury, he claims that he had the bat for defensive purposes and did not use it to gain entry into the premises. But Vo's argument about his intended use of the bat is irrelevant. Because Vo used the bat to cause substantial bodily harm to the construction supervisor, Vo did more than

---

[19] State v. Smith, 155 Wn.2d 496, 501, 120 P.3d 559 (2005).

[20] In re Pers. Restraint of Martinez, 171 Wn.2d 354, 364-65, 256 P.3d 277 (2011) (internal quotation marks omitted) (quoting State v. Taylor, 97 Wn. App. 123, 126, 982 P.2d 687 (1999)).

[21] Martinez, 171 Wn.2d at 366.

merely possess the bat. Thus, a court could reasonably find that Vo's bat was a deadly weapon under the "weapons in fact" prong.

Last, Vo challenges the sufficiency of the evidence supporting his burglary conviction. Vo testified that a construction worker gave him permission to enter the premises and gestured for Vo to follow him inside. By contrast, the construction worker testified that he told Vo to wait outside. Here, the trial court weighed the conflicting testimony and found the construction worker's testimony more credible. The court explained that after considering all of the evidence, the State had proved the elements of burglary in the first degree beyond a reasonable doubt. We "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence."[22] Because sufficient evidence supports each element of Vo's burglary charge, his challenge fails.

## CONCLUSION

The trial court did not abuse its discretion by determining Vo's self-representation request was equivocal. We affirm.

_Leach, J._

WE CONCUR:

_Mann, A.C.J._                    _Dwyer, J._

---

[22] Thomas, 150 Wn.2d at 874-85.