# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 72833-4-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| ISAIAH STEVEN SUMMERS, | ) ) | |
| Appellant. | ) | FILED: March 2, 2015 |

TRICKEY, J. — Isaiah Summers appeals the judgment and sentence entered on a jury's verdict, arguing the trial court erred when it ruled that he was competent to stand trial. The trial court properly exercised its broad discretion in weighing the evidence presented at the competency hearing—including defense counsel's concerns regarding Summers' ability to rationally assist him during trial—and in assessing Summers' competency. We affirm.

## FACTS

On November 14, 2012, the State charged Summers with robbery in the first degree, burglary in the first degree, assault in the second degree, and theft in the second degree. The State sought a firearm enhancement on each count.

Summers' defense counsel, Dino Sepe, became concerned that Summers was not competent to stand trial. As a result, Sepe retained Dr. Joseph Nevotti, a licensed psychologist, to conduct a forensic competency evaluation. Following his evaluation of Summers, Dr. Nevotti concluded that Summers could not rationally assist defense counsel because of his severe mental disorders. He testified at a competency hearing that Summers suffered from bi-polar disorder and narcissistic

personality disorder, which caused Summers to have experiences of grandiosity—where he had difficulty connecting with reality—that bordered on delusional behavior. According to Dr. Nevotti, Summers' sense of grandiosity, in turn, rendered him highly irrational and confrontational. Dr. Nevotti testified that Summers understood that he was facing serious charges and knew that the possible outcome was a lengthy prison term. Dr. Nevotti interpreted Summers' strong opinion as to the trial strategy as an example of his experiences of grandiosity. Dr. Nevotti testified that Summers' mental disorders would affect his ability to rationally assist defense counsel during trial because he would be resistant to anyone's opinion but his own, and it was possible that he would become violent and confrontational in the courtroom.

Dr. Marilyn Ronnei, a Western State Hospital psychologist, also conducted an evaluation of Summers. According to her observations, Summers displayed no symptoms of psychosis or a major affective disorder that would interfere with his ability to work with his attorney. Dr. Ronnei determined that although Summers did not have any major mental disorders, he did exhibit aspects of narcissistic and antisocial personality disorder. However, contrary to Dr. Nevotti's opinion, Dr. Ronnei did not believe Summers experienced grandiosity; rather, she believed he had a slightly inflated sense of self-worth.

Dr. Ronnei testified at the competency hearing that she found that some portions of Summers' presentation during the evaluation were not credible. For example, it was apparent to her that he chose to not offer complete answers and pretended to be unable to retrieve information. Dr. Ronnei concluded that

Summers was competent to stand trial. In the "Forensic Psychological Report" submitted to the trial court, Dr. Ronnei stated the following:

> Given Mr. Summers's non-credible attempts to demonstrate memory impairments and an extremely poor fund of knowledge of the court system, and given that he does not demonstrate any major mental illness symptoms nor any actual significant intellectual impairment, it is my clinical opinion that Mr. Summers has the capacity to discuss his current legal situation and the basic elements of competency in a rational and goal-directed manner, although he does not always choose to demonstrate this ability. He demonstrates the capacity to maintain appropriate courtroom behavior and to communicate appropriately with his attorney regarding the decisions and eventualities involved in his case. Consequently, it is our opinion that Mr. Summers currently has the essential capacity to understand the nature of the proceedings against him and to assist in his own defense. It is possible that he may not always choose to demonstrate this capacity; however, it is my opinion that he has the capacity to think clearly, weigh and evaluate options and potential outcomes, and to participate in planning his own defense if he chooses to do so.[1]

Sepe submitted a declaration in which he expressed his concern over Summers' competency. He explained that Summers was very confrontational with him, ignored his legal advice, and reacted violently when he pointed out flaws in Summers' analysis and strategy of the case. Sepe believed that Summers' behavior was not the result of a conscious choice but was dictated by mental illness. Sepe opined that Summers could not rationally assist him during the trial.

Following the competency hearing, the trial court ruled that Summers was competent to stand trial. The trial court entered the following uncontested findings of fact:

> That as to the second prong of the test Dr. Ronnei opines in her report and her testimony that the defendant is capable of assisting his counsel at trial. Dr. Ronnei concluded that during her examination of the defendant that the defendant was not fully

---

[1] Clerk's Papers (CP) at 36 (emphasis omitted).

cooperating with her and that he was purposely doing so. The Court accepts Dr. Ronnei's factual observations and conclusions based upon the written report and the verbal testimony of Dr. Ronnei.

That as to the second prong of the test Dr. Nevotti opines in his report and his testimony that the defendant is not capable of assisting his counsel at trial. Dr. Nevotti's testimony was that the reason the defendant might not be able to assist counsel is because the defendant's sense of his own grandiosity which borders on the delusional. Therefore the defendant might act out at trial in a physically or verbally violent manner and might refuse to listen to his attorney as he has previously done during attorney/client meetings. Dr. Nevotti opines that the defendant may lack the ability to choose whether or not the defendant will cooperate with his attorney. This contradicts Dr. Nevotti's written report which does not appear to support this conclusion. Dr. Nevotti himself could offer nothing to really support this conclusion and admits that it is "a judgment call." Dr. Nevotti offers conclusions but no substance to support it.[2]

The trial court concluded that Summers had the capacity to assist defense counsel if he chose to do so. The court additionally concluded that Summers failed to prove by a preponderance of the evidence that he lacked competency to stand trial. Summers challenges these conclusions of law on appeal.[3]

ANALYSIS

The due process clause of the Fourteenth Amendment to the United States Constitution prohibits the conviction of a person who is not competent to stand trial. In re Fleming, 142 Wn.2d 853, 861, 16 P.3d 610 (2001) (citing Drope v. Missouri,

---

[2] CP at 91.

[3] Following a jury trial, the jury found Summers guilty as charged. The jury returned special verdicts, finding that Summers was armed with a firearm during the commission of each crime. The trial court imposed a sentence of 151 months of total confinement. At sentencing, the trial court merged Summers' convictions for robbery in the first degree and assault in the second degree, and vacated the conviction for assault in the second degree. The trial court also merged Summers' convictions for robbery in the first degree and theft in the second degree, and vacated the conviction for theft in the second degree. Finally, the trial court determined that Summers' convictions for robbery in the second degree and burglary in the first degree were the same criminal conduct.

420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966)). Under Washington law, an incompetent person may not be tried, convicted, or sentenced for committing an offense so long as the incapacity continues. Fleming, 142 Wn.2d at 862 (quoting RCW 10.77.050).

Chapter 10.77 RCW places the burden of proof by a preponderance of evidence on the party challenging competency. State v. Coley, 180 Wn.2d 543, 556, 326 P.3d 702 (2014), petition for cert. filed, Aug. 27, 2014. "Preponderance of the evidence means that considering all the evidence, the proposition asserted must be more probably true than not true." State v. Otis, 151 Wn. App. 572, 578, 213 P.3d 613 (2009) (citing State v. Ginn, 128 Wn. App. 872, 878, 117 P.3d 1155 (2005)).

"[A] defendant is competent to stand trial if he understands the nature of the charges and is capable of assisting in his own defense. State v. Lewis, 141 Wn. App. 367, 381, 166 P.3d 786 (2007). Here, Summers challenges the trial court's conclusion that he was capable of assisting in his own defense.

A defendant must be "capable of rationally assisting his legal counsel in the defense of his cause." State v. Wicklund, 96 Wn.2d 798, 800, 638 P.2d 1241 (1982). Moreover, a "defendant's ability to 'relate past events which would be useful in assisting his attorney' in whatever defense counsel decides is appropriate is an important consideration in determining his competency to stand trial." State v. Harris, 114 Wn.2d 419, 428, 789 P.2d 60 (1990) (quoting State v. Ortiz, 104 Wn.2d 479, 483, 706 P.2d 1069 (1985)). But the "ability to assist" requirement is

minimal. Harris, 114 Wn.2d at 429. It does not require that a defendant be able to suggest trial strategy or choose among alternative defenses. State v. Benn, 120 Wn.2d 631, 662, 845 P.2d 289 (1993); Harris, 114 Wn.2d at 428. Nor is a defendant required to have the ability to recall past events. Harris, 114 Wn.2d at 428. Furthermore, the existence of a mental disorder does not establish incompetency. See State v. Smith, 74 Wn. App. 844, 850, 875 P.2d 1249 (1994).

The trial court has wide discretion in determining a defendant's competency to stand trial. Ortiz, 104 Wn.2d at 482. "We normally defer to the trial court's competency determination because the trial court can personally observe the individual's behavior and demeanor." State v. Crenshaw, 27 Wn. App. 326, 330, 617 P.2d 1041 (1980). Thus, we will not reverse a trial court's determination that an accused is competent to stand trial absent a manifest abuse of discretion. Crenshaw, 27 Wn. App. at 330. Accordingly, we will find error only when the trial court's decision (1) adopts a view that no reasonable person would take and is thus manifestly unreasonable, (2) rests on facts unsupported in the record and is thus based on untenable grounds, or (3) was reached by applying the wrong legal standard and is thus made for untenable reasons. State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

Here, Summers contends that the trial court abused its discretion in concluding that he failed to show by a preponderance of evidence that he lacked competency to stand trial. This is so, he asserts, because the trial court applied an incorrect legal standard by failing to give weight to his counsel's opinion that he was incompetent.

In determining competency, the trial court considers the "'defendant's appearance, demeanor, conduct, personal and family history, past behavior, medical and psychiatric reports and the statements of counsel.'" Fleming, 142 Wn.2d at 863 (quoting State v. Dodd, 70 Wn.2d 513, 514, 424 P.2d 302 (1967)). Although defense counsel's representation concerning the competency of his or her client is a factor that is entitled to considerable weight, it is not dispositive of the issue. See State v. Israel, 19 Wn. App. 773, 779, 577 P.2d 631 (1978) (holding that the trial court did not abuse its discretion by considering counsel's statement about his client's competency in deciding that defense counsel could waive statute's examination requirement on client's behalf); State v. Hicks, 41 Wn. App. 303, 308-09, 704 P.2d 1206 (1985) (trial court did not abuse its discretion in finding defendant competent to stand trial even after extended colloquy between defense counsel and trial court); Crenshaw, 27 Wn. App. at 331 (trial court did not abuse its discretion in finding the defendant competent despite his counsel's reservations about his competency).

Here, the record evinces that the trial court properly considered these factors, including defense counsel's opinion, in assessing Summers' competency to stand trial.

In considering Sepe's declaration, the trial court stated:

> I will acknowledge that under the case law, my determination of competency can be determined from many things, . . . including the defendant's appearance, demeanor, conduct, personal and family history, past behavior, medical and psychiatric reports, and statements of counsel, which is where – the statement of counsel . . . . must be given considerable weight in determining the defendant's competency to stand trial.[4]

---

[4] Report of Proceedings (May 29, 2013) (Competency Hearings) at 69.

The trial court then stated that it reviewed Sepe's declaration and gave significant weight to it. The trial court did not apply an incorrect legal standard.

Summers additionally contends that the trial court's conclusion—that he was capable of rationally assisting counsel—was not supported by the record.[5] But the uncontested findings of fact and the record patently controvert this contention. The trial court's unchallenged findings indicate it found Dr. Ronnei's written report and verbal testimony more credible than Dr. Nevotti's. The trial court found that Dr. Nevotti's opinion was contradictory, and offered no facts to support his conclusions. The trial court accepted Dr. Ronnei's conclusion—that Summers was capable of assisting his counsel in his defense—as true. Unchallenged findings are verities on appeal. State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). These findings supported the trial court's conclusion that the Summers was capable of rationally assisting his trial counsel. Furthermore, we defer to the trier of fact on issues of credibility. State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The trial court properly exercised its broad discretion in assessing Summers' competency in-person and weighing the evidence concerning his competency. The trial court did not abuse its discretion in concluding that Summers was competent to stand trial.

_____

[5] The challenged conclusion of law states the following: "That the defendant in this matter has the capacity to assist his counsel if he chooses to do so. The defendant in this matter has the ability to make that choice." CP at 92.

8

We affirm.

_Trickey, J_

WE CONCUR:

_Leach, J_          _Appelwick, J_